UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| KEVIN L. HOWARD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 11-327-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Kevin L. Howard ("Howard" or "the Claimant") and Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner"). [Record Nos. 10, 11] Howard argues that the Administrative Law Judge ("ALJ") erred in finding that he is not entitled to a period of disability and disability insurance benefits. The Commissioner contends that the record contains substantial evidence in support of the ALJ's decision denying benefits to Howard, and that the decision should be affirmed. Having reviewed the record of this proceeding, the Court concluded that the ALJ properly considered all of the evidence relevant to Howard's claims, including his complaints of disabling pain. Further, substantial evidence supports the Commissioner's decision. As a result, the Court will grant the Commissioner's motion and deny the relief requested by Howard.

**I.**

Howard filed an application for a period of disability and disability insurance benefits under the Social Security Act, alleging disability beginning January 1, 2010. [See Administrative Transcript, "Tr.", p. 11] These claims were denied initially on October 19, 2010, and upon reconsideration on December 8, 2010. Howard, along with his attorney Susan Turner Landis and impartial vocational expert William Ellis, appeared before ALJ Todd Spangler on May 5, 2011 in Middlesboro, Kentucky.

Howard was 36 years old at the time of the ALJ's decision. He has a high school education and has previously worked as a collections clerk, cook, taxi driver, and merchandise deliverer. [Record No. 11, p. 2] After reviewing the record and testimony submitted during the administrative hearing, ALJ Spangler determined that Howard suffers from the severe impairments of colitis, back problems, and anxiety associated with panic attacks. [Tr., p. 13] Notwithstanding these impairments, the ALJ found that Howard has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 404.1567(c). Specifically, ALJ Spangler found that Howard has the RFC to "work in a low stress environment and can perform one-two-three step instructions. [Howard] is to have no more than occasional contact with coworkers, supervisors, and the general public." [Tr., p. 15] Based on the testimony of the vocational expert, the ALJ found that Howard could perform his past relevant work as a merchandise deliverer, as well as other jobs existing in significant numbers in the economy such as farm worker, poultry worker, or packer. [Tr., p. 21] As a result of this assessment, ALJ Spangler found that Howard was not disabled.

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R.§ 404.1520(b). Second, the claimant must show that he suffers from a severe impairment or combination of impairments. 20 C.F.R.§ 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R.§ 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can perform his past work. If he can, he is not disabled. 20 C.F.R.§ 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Herr v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d

1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive so long as they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Howard argues that the Commissioner's unfavorable decision should be overturned because: (1) the Commissioner did not consider all evidence submitted; (2) Howard is unable to perform his past relevant work or any other type of work; (3) the ALJ did not properly evaluate his subjective complaints of pain; and (4) the Commissioner's decision is not supported by substantial evidence. The Commissioner responds that Howard's arguments are unsubstantiated, and that Howard has failed to allege specific errors regarding the ALJ's decision.

### A.      Consideration of Submitted Evidence

Howard argues that the Commissioner's decision "does not include all of the evidence submitted" and that "[h]ad all of the evidence submitted been considered, [he] is confident a favorable decision would have been reached." [Record No. 10, p. 8] The Commissioner responds that Howard is relying upon evidence of treatment between July 2011 and September 2011, which was not submitted until after the ALJ's July 25, 2011 decision, and that this evidence is not material.

On September 30, 2011, Howard submitted to the Appeals Council medical records from Central Baptist Hospital, with dates ranging from July 19, 2011 to September 6, 2011. During that period, most of which occurred after the Commissioner's July 25, 2011 decision, Howard was admitted for the following problems: subacute bacterial endocarditis, Hepatitis B & C,

intravenous drug abuse, ulcerative colitis and right inguinal hernia repair. [Record No. 10, p. 5; *see also* Tr. p. 29] Additionally, he suffered from chest pain, shortness of breath and a cough. [*Id.*] The Appeals Council did not consider the additional evidence, and denied Howard's request for review. The question is whether the Appeals Council should have considered this new evidence as part of the record.

> When additional evidence is submitted for the first time to the Appeals Council,
>
> the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.

20 C.F.R. § 404.970(b). In addition, the district court cannot consider new evidence submitted after the ALJ's decision. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) ("[T]his court has repeatedly held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review.") The district court can only remand the social security case for further administrative proceedings in light of evidence presented after the ALJ's decision, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding. *Id*.

> Further, for the purposes of 42 U.S.C. § 405(g),
>
> evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding. Such evidence is material only if there is a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence. A claimant shows good cause by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ.

*Id.* (internal citations and quotation marks omitted).

In this case, remand is not appropriate for consideration of the evidence submitted after the ALJ's decision. Although the evidence is "new" because it was not in existence at the time of the hearing, much of the evidence submitted does not relate to the period on or before the date of the ALJ's decision. *See* 20 C.F.R. § 404.970(b). The evidence that does relate to that period — records from July 19, 2011 to July 25, 2011 — is not material. For instance, the evidence shows that Howard underwent a heart catheterization on July 22, 2011, which revealed normal coronary arteries with aortic valvular endocarditis. [Tr., p. 30] Medical records from July 19, 2011 state that Howard uses intravenous and oral OxyContin. [Tr., p. 34] The treatment notes from those dates reflect that Howard takes no chronic medications and has no chronic medical illnesses. [*Id.*] The treatment notes also say "he says he may have had a history of ulcerative colitis in the past diagnosed in Harlan but is not on medications. He does have some chronic lower back pain." [*Id.*] Finally, the physician treating Howard during that time found that Howard had "no depression, psychosis, or anxiety." [*Id.*]

Based on the Court's review of the new medical records, there is not a reasonable probability that the ALJ would have reached a different disposition of the disability claim if presented with the new evidence. The ALJ found that Howard suffers from colitis, back problems, and anxiety associated with panic attacks. To the extent that Howard is asserting new ailments — a heart problem and drug abuse — this evidence does not suggest that the ALJ would have reached a different conclusion if he had been presented with these ailments. In fact, the new evidence actually undercuts Howard's claims that he suffers from colitis, back problems, and anxiety, given the fact that treating physicians found that he has no chronic conditions and

is not on any medications, other than his presumably non-medical use of OxyContin.[1] Therefore, the Court will not remand for consideration of the six days of new medical evidence submitted.

### B. Howard's RFC

Howard next alleges error with ALJ Spangler's determination of his functional capabilities. He argues that he is "unable to return to any relevant work, or any type of employment for that matter." [Record No. 10, p. 8] He also argues that the ALJ "overestimated [his] ability to perform work activities." [*Id.*]

ALJ Spangler determined that Howard has the RFC to perform medium work. [Tr., p. 15] Specifically, the ALJ found that Howard could perform medium work in a low stress environment, and can perform one-two-three step instructions. [*Id.*] Additionally, he found that Howard is to have only occasional contact with co-workers, supervisors, and the general public. [*Id.*]

The RFC determination is a matter reserved for the ALJ. *See* 20 C.F.R. § 404.1546(c). In making this determination, the ALJ considers the medical evidence, non-medical evidence, and the claimant's credibility. The Sixth Circuit has recognized that "the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of the claimant's residual functional capacity." *Coldiron v. Comm'r of Soc. Sec'y*, 391 F. App'x 435, 439 (6th Cir. 2010) (internal quotation marks and citation omitted). An ALJ's finding on the RFC will be upheld where it is supported by substantial evidence.

---

[1]There is no evidence in the record that OxyContin was prescribed to Howard.

Substantial evidence supports the ALJ's finding on Howard's RFC. Looking to the medical record, ALJ Spangler considered the opinions of treating physicians Dr. Dahhan and Dr. Colton, as well as consultative examiner Dr. Gibson, and gave these opinions appropriate weight.[2] Notably, none of the medical opinions in the record state that Howard suffers from functional limitations as a result of his conditions.

For example, the ALJ considered the opinion of treating physician Dr. Dahhan, and accorded it appropriate weight based on his familiarity with Howard and his treatment relationship. Dr. Dahhan opined that Howard's colitis was conservatively managed and was not debilitating, and the ALJ considered Dr. Dahhan's conclusion that Howard's MRI of his shoulder and back was within normal limits. [Tr., p. 20, *see also* Tr., pp. 456-57] Dr. Dahhan did not find that Howard's lower back pain causes severe limitations that materially interfere with Howard's daily activities. [*Id.*] Dr. Colton also treated Howard for colitis, back pain, and anxiety. Dr. Colton's treatment records indicate that Howard's condition was stable with medication. [*Id.*] The ALJ also considered the opinion of consultative examiner Dr. Gibson, who examined Howard in September 2010. Dr. Gibson observed that Howard has normal posture and gait, is able to get on and off the exam table without problems, and could perform knee squats, heel, toe and tandem walking without difficulty. [Tr., pp. 427-32] Dr. Gibson "remarked that [Howard] had limitations in bilateral straight leg raising in the supine position; however, no other limitation was noted during the examination." [Tr., p. 18] Although Dr.

---

[2]Although ALJ Spangler states only that he gave the treating physicians' opinions "appropriate weight," he clearly gave the treating physicians controlling weight in determining Howard's RFC because his decision is consistent with the treating physicians' assessments.

Gibson opined that Howard can perform activities which involve sitting, handling objects, hearing, seeing and speaking, he did caution that Howard would have difficulty performing activities which involve prolonged standing, moving about, lifting, and carrying objects. [*Id.*] The ALJ considered the medical evidence and weighed it accordingly.

ALJ Spangler also considered non-medical evidence. Specifically, he considered the Third Party Function Report completed by Howard's mother, Wanda Howard. [See Tr., pp. 260-68] In her Report, she indicated that although her son suffers from severe pain that interferes with his ability to sleep, he is able to assist with caring for his son, completes household chores like mowing the lawn and preparing meals. The ALJ accorded this report appropriate weight, considering Wanda's familiarity with Howard's activities. Additionally, ALJ Spangler considered Howard's subjective complaints of pain, and found that Howard's testimony was not entirely credible. [Tr., p. 19]

Howard argues that the ALJ did not properly evaluate his complaints of pain and argues that "[b]ased upon Mr. Howard's testimony that he has to lay down for substantial periods of time during the day, combined with severe back pain, problems with concentration and memory, and his disabling colitis, it is clear the Claimant is totally disabled and should be awarded benefits." [Record No. 10, p. 9] However, when an ALJ makes a determination regarding a claimant's credibility, he is entitled to great deference. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). The ALJ is in a unique position to "observe the claimant and judge [his] subjective complaints." *Id*. In fact, an ALJ is "charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

As a result, an ALJ's credibility determinations are "entitled to deference on judicial review." *Boyett v. Apfel*, 8 F. App'x 429, 434 (6th Cir. 2001). However, if the ALJ "rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Brown*, 35 F.3d 1027, 1036 (6th Cir. 1994).

In addition, the Sixth Circuit has developed a two-prong test to evaluate a claimant's subjective allegations:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters,* 127 F.3d at 531 (6th Cir. 1997).

The ALJ found that Howard's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent" with Howard's RFC. [Tr., p. 16] ALJ Spangler clearly stated his reasons for finding Howard's testimony not entirely credible. For example, the ALJ considered Howard's testimony regarding his anxiety attacks, which allegedly aggravates his colitis. However, the ALJ noted that there is not evidence of weight loss and the treatment notes show that his colitis is relatively controlled with medication and routine medical visits. [Tr., p. 19] Particularly convincing to the ALJ was Howard's statement to Dr. Colton in summer 2010 that his colitis was stable, and the fact that there was no medical evidence to support Howard's assertions that his frequent bathroom usage precludes his ability to work. [*Id.*]

The ALJ also found that Howard's statements about his lower back pain, hernia, inability to work, and anxiety were inconsistent with the evidence in the record. The ALJ noted that although Howard complains of lower back pain, he "does not use an assistive device to ambulate, and he did not demonstrate any evidence of motor dysfunction, sensory loss, reflex abnormality, functional deficit or neurologic deficit." [*Id.*] Howard also testified that he could lift thirty to forty pounds, but then later indicated that he could not lift a gallon of milk without a lot of pain. [Tr., pp. 106, 116] And while Howard contends that his anxiety has prevented him from maintaining employment, he never sought treatment for this condition as his physicians recommended. The ALJ reasoned that "because of these, among other inconsistencies in the record, [the ALJ] concludes that [Howard's] allegations concerning his inability to work because of pain and other subjective complaints are not entirely forthright and he retains the residual functional capacity for the range of medium work expressed above." [Tr., p. 16]

Because of the deference afforded an ALJ on a claimant's credibility and subjective complaints of pain, as well as the fact that the ALJ clearly stated his reasoning behind the weight given to Howard's complaints, the Court finds no error with the ALJ's determination of Howard's credibility. The ALJ properly considered the medical evidence of record, the statements of Howard's mother, and Howard's own testimony in determining the RFC. Substantial evidence supports the ALJ's determination of Howard's RFC.

### C. Substantial Evidence

Howard also argues generally that the Commissioner's decision is not supported by substantial evidence. He contends that "the Commissioner has failed to properly prove there is

work in the national economy" which Howard can perform. [Record No. 10, p. 8] Again, this assertion is not supported by the administrative record. Based on a well-supported RFC, the ALJ posed a hypothetical question to the vocational expert that was consistent with Howard's functional limitations. Specifically, the ALJ asked:

> First hypothetical, he'd be able to perform a full range of medium exertion from a physical standpoint. However, he would be limited to a low-stress environment, which would be no more than one, two, three-step instructions; no more than occasional contact with co-workers, supervisors and the public. Given these limitations, could such an individual perform the claimant's past work?

[Tr., p. 120] The vocational expert answered that an individual with Howard's profile and RFC would be able to perform his past relevant work as a merchandise deliverer, which was medium work activity as performed in the national economy. Then, the ALJ asked "Let's assume he could not perform that at all, are there other jobs he could perform?" [*Id.*] In response, the vocational expert also testified that Howard could perform such jobs as a farm laborer, poultry worker, and packer. [*Id.*]

The Sixth Circuit has held that a hypothetical question posed to a vocational expert "need only reference all of a claimant's limitations, without reference to the claimant's medical conditions." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (citing *Foster*, 348 F.3d at 356). Additionally, the vocational expert's testimony relies on the ALJ's assessment of what the claimant "can or cannot do." *Id.* The ALJ's questions properly relied on his well-supported assessment of Howard's functional limitations. Thus, the questions were not improper, and the vocational expert's testimony constitutes substantial evidence supporting the ALJ's finding that Howard is not disabled.

**IV.**

The Court finds no error with the fact that new evidence was not reviewed. Nor does the Court find error with ALJ Spangler's determination of Howard's functional capabilities. Instead, substantial evidence supports the Commissioner's decision. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Kevin Howard's Motion for Summary Judgment [Record No. 10] is **DENIED**.

(2) Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 11] is **GRANTED**.

(3) The administrative decision of Administrative Law Judge Todd Spangler will be **AFFIRMED** by separate judgment entered this date.

This 5th day of October, 2012.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge